Supreme Court, October, 1919.        [Vol. 109.

PEOPLE ex rel. AUGUST SMALL, Relator, *v.* JOHN P. LEO et al., Defendants.

(Supreme Court, Kings Special Term, October, 1919.)

Certiorari — when writ of, to review determination of board of appeals sustained — garage — building zone resolution of July 25, 1916, §§ 4(15), 7(e).

> The superintendent of buildings of the city of New York refused a permit for the erection of a garage, upon the ground that it would violate section 4(15) of the building zone resolution of July 25, 1916, which prohibits the erection of a garage for use by more than five motor vehicles in a business district subject to the exceptions contained in section 7(e) of said resolution. Upon an appeal taken by an intervenor, the owner of premises concededly located in a "business zone" as established by said resolution, the board of appeals reversed the decision of the superintendent of buildings and granted the desired permit. *Held*, that a writ of certiorari to review the determination of said board, reversing the decision of said superintendent, will be sustained and the decision under review reversed.
>
> In the provision of section 7(e) of the building zone resolution which reads: "In any portion of a street between two intersecting streets in which portion there exists a garage" the words "in which portion" mean that portion within the business district, and a contention that because of the existence of such a garage on a street one block west of the northwest corner of the street where the proposed garage was to be erected, the decision of the board of appeals was correct under said section 7(e), was not tenable for the reason that the alleged existing garage was not within the "business district" zone.

CERTIORARI by the People, on the relation of August Small against John P. Leo and others, constituting the board of appeals of the city of New York.

Levy, Gutman & Goldberg, for petitioner.

William P. Burr, corporation counsel (Joseph I. Berry and F. E. V. Dunn, of counsel), for defendants.

Meier Steinbrink, for intervenor.

FABER, J.   This proceeding was instituted by the relator, who is the owner of premises situated at the northeast corner of Franklin avenue and President street, in the borough of Brooklyn, to review the action of the board of appeals in granting to the owner of premises located at the northwest corner of said Franklin avenue and President street permission to erect thereon a public garage.   The superintendent of buildings refused to grant the permit upon the ground that the premises upon which such garage was proposed to be erected were located within a business district, and therefore the erection of a garage thereon would be in violation of section 4, subdivision 15, of the building zone resolution adopted July 25, 1916, by the board of estimate and apportionment of the city of New York, which prohibits the erection of garages for use by more than five motor vehicles in a business district, subject, however, to the exceptions contained in section 7, subdivision e, of said resolution.   An appeal was taken by the respondent, intervenor, from the decision of the superintendent of buildings to the board of appeals, and such board, after a hearing of the matter, reversed the decision of the superintendent and granted the desired permit.   The premises owned by the respondent, intervenor, are concededly located in a " business zone " as established by said zone resolution.   Section 4, subdivision 15, of said building zone resolution provides as follows:

" Sec. 4. Business Districts.   In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed

to be used, for any of the following specified trades, industries or uses:  *   *   *   (15) Garage for more than five motor vehicles.  *   *   *,,

Section 7, subdivision e, of said zone resolution, as amended, provides as follows:

" Sec. 7.   Use District Exceptions.   The Board of Appeals  *   *   *   may in appropriate cases  *   *   * determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent, as follows:  *   *   * (e) Permit in a business district the erection or extension of a garage or stable in any portion of a street between two intersecting streets in which portion there exists a garage for more than five motor vehicles or a stable for more than five horses at the time of the passage of this resolution:  *   *   *."

It is claimed by the respondent, intervenor, that a garage for more than five motor vehicles exists on the south side of said President street between said Franklin avenue and Classon avenue (which is the street one block west of Franklin avenue), and therefore subdivision e of section 7 applies and that the decision of the board of appeals is correct.   With this contention I am unable to agree, for the reason that the alleged existing garage on the south side of President street is 100 feet west of Franklin avenue and is not within the " business district " zone, and, therefore, does not come within the provisions of the section which reads " *   *   * in any portion of a street between two intersecting streets in which portion there exists a garage." The words " in which portion " mean clearly that portion within the business district.   The writ should be sustained, with costs, and the resolution of the board of appeals reversed.

Ordered accordingly.